OPINION. Johnson, Judge: The deficiencies herein for the year 1948 result in part from respondent’s determination that the amounts realized by petitioners from the distributions in partial redemption of stock made by Brookwood, Inc., on October 27, 1948, resulted in ordinary income to them, and not long-term capital gain, as reported by petitioners on their respective joint returns for that year. Respondent bases his position on sections 22 (a) and 115 (a) of the Internal Revenue Code of 1939. At the time of these distributions, Brookwood, Inc., had no accumulated earnings and profits. Therefore, the provisions of sections 115 (a) and 115 (b) have no applicability. Respondent advances the theory that for a corporate distribution to be “out of capital,” within the meaning of section 115 (d), it must leave the capital of the corporation “impaired,” and he argues on brief: The earnings or profits account of the distributing corporation is not the critical factor in determining whether a distribution has impaired capital. The fact that a distribution is not out of earnings or profits does not compel a conclusion that it is out of capital. * * * This Court has recently rejected a similar contention of respondent in the case of George M. Gross, 23 T. C. 756 (on appeal, C. A. 2). In that case, various corporations had been organized to construct apartment projects in the vicinity of New York City. These apartments were covered by F. H. A.-insured mortgage loans, and the amount of the loans exceeded the costs of construction in each instance. At various times prior to 1950, the corporations made cash distributions to their shareholders. The sources of such distributions, where there were no earnings and profits, were current gross rentals, build-up of depreciation reserves, excess of funds borrowed over costs of construction, and in some instances premiums on bonds issued by the corporations to certain insurance companies. Respondent argued that these distributions were taxable as ordinary income in accordance with the principles set forth in Commissioner v. Fannie Hirshon Trust, (C. A. 2, 1954) 213 F. 2d 523, certiorari denied 348 U. S. 861, and Commissioner v. Estate of Ida S. Codley, (C. A. 3, 1954) 213 F. 2d 529, certiorari denied 348 U. S. 862. In our opinion in George M. Cross, supra, we set forth in considerable detail the reasons why the distributions there involved were not governed by the Hirshon and Godley decisions in the Courts of Appeals. Nevertheless, respondent argues on brief: Respondent’s position with respect to the distributions of. cash in the instant cases is essentially the same as the position taken by him in George M. and Anna Gross, et al. (1955 ) 23 T. C. No. 97. While recognizing that the Tax Court rejected his position in the Gross cases, supra, respondent respectfully submits that the decision therein was incorrect and continues to maintain his position that the principies enunciated in Commissioner v. Fannie Hirshon Trust, supra, and Commissioner v. Estate of Ida S. Godley, supra, are controlling in the Gross cases and, accordingly, are controlling in the instant cases. We adhere to our recent decision in George M. Gross, supra, and for the reasons set forth therein, we must reject respondent’s position. Accordingly, we hold that, as the corporation had no earnings and profits, the distributions must be applied against and reduce petitioners’ bases in the stock, and to the extent that the distributions exceed those bases, such excess is taxable as long-term capital gain. Sec. 115 (d), 1939 Code. The deficiency in Docket No. 49003 for the year 1948 was determined by the respondent more than 3 years but within 5 years after the petitioners therein filed their joint return. Respondent asserts that the failure of Richards to report the gain realized from redemption of his stock of Brookwood as ordinary income constituted an omission from gross income of an amount in excess of 25 per centum of the gross income reported in the return under section 275 (c), which permits assessment at any time within 5 years after the return was filed. Under the conclusion reached by us the gain was properly reported. It follows that the omission relied upon to extend the period of limitations did not occur and assessment of any deficiency for 1948 is barred. No issues arise as to the taxable year 1949. In their respective returns for the year 1950, petitioners reported the gain to them on the sales and redemptions of stock of the various corporations (described fully in our Findings of Fact) as long-term capital gain. Respondent determined, in bis statutory notices of deficiency, that the entire amounts received by petitioners were ordinary income to them under section 22 (a). At the hearing, for the first time, he indicated that to support his determination he was relying on section 117 (m) of the Internal Revenue Code 1939.[1] Petitioners’ position is that, on this state of the pleadings, as to any issue relating to section 117 (m), the respondent has assumed the burden of proof. While a statutory notice of deficiency is presumed correct, and a petitioner has the burden of disproving its correctness, when the Commissioner departs from the grounds relied on in his deficiency notice to sustain a theory later raised, he has the burden of proving any new matter raised. Sheldon Tauber, 24 T. C. 179. We think that in the light of the deficiency notices herein, respondent’s reliance on section 117 (m) to sustain the deficiencies necessarily requires proof of new matter. Therefore, on the authority of the Tauber case, we hold that, as to issues relating to section 117 (m) respondent has the burden of proof. Subsection 117 (m) (3) (B) provides that the section shall not apply to the “gain recognized during a taxable year unless more than 70 per centum of such gain is attributable to the property so * * * constructed * * It is part of the respondent’s burden of proof to establish that more than 70 per cent of the gain to petitioners in each instance is attributable to the property constructed. So far as appears from the record, more than 30 per cent of the gain may have been attributable to factors totally unrelated to the construction by the various corporations in each case. We therefore hold that respondent has failed to meet his burden of proof on the 117 (m) question. W. H. Weaver, 25 T. C. 1067. Petitioners correctly reported their gain on the sales and redemp-tions of stock in Brookwood, Greenway, and Washington Terrace in the year 1950. Decisions will be entered wider Rule 50. Section 117 (m) was added to the Internal Revenue Code oí 1939 by section 212 of the Revenue Act of I960. Its purpose generally Is to foreclose the use of certain types of corporations as a means of converting ordinary Income Into capital gain. To this end, it provides In effect that gain from the sale or exchange of stock In a “collapsible” corporation will be taxed at ordinary income rates. The section defines a collapsible corporation, Insofar as Is applicable to the facts in the instant case, as a corporation, formed or availed of principally for the construction of property, with a view to the sale or exchange of stock or a distribution to the shareholders, prior to the realization by the corporation of a substantial amount of the income to be derived from the property constructed. Section 117 (m) (3.) provides certain limitations on the application of the section, the pertinent one of which, subparagraph (B), provides that: (B)' this subsection shall not apply to the gain recognized during a taxable year unless more than 70 per centum of such gain is attributable to the property so manufactured, constructed, produced, or purchased; * * * By section 212 (b) of the Revenue Act of 1950, the provisions of 117 (m) are made applicable only to transactions taking place after December 31, 1949. Pat O’Brien, 25 T. C. 376.